Slip Op. 11-4

# UNITED STATES COURT OF INTERNATIONAL TRADE

```
-------------------------------------------------------x
                                                       :
iSCHOLAR, Inc.,                                        :
                                                       :
          Plaintiff,                                   :
                                                       :
          v.                                           :     Before:  Judith M. Barzilay, Judge
                                                       :     Court No. 10-00107
UNITED STATES,                                         :
                                                       :
          Defendant.                                   :
                                                       :
-------------------------------------------------------x
```

## OPINION & ORDER

[The court affirms the U.S. Department of Commerce's final results of the second administrative review of the antidumping duty order on certain lined paper products from India.]

Dated: January 13, 2011

*Kutak Rock LLP* (*Lizbeth R. Levinson*, *Ronald M. Wisla*), for Plaintiff iScholar, Inc.

*Tony West*, Assistant Attorney General; *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Antonia R. Soares*); *George Kivork*, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, of counsel, for Defendant.

      Barzilay, Judge:  In its motion for summary judgment, Plaintiff iScholar, Inc. ("Plaintiff" or "iScholar"), challenges the U.S. Department of Commerce's ("Commerce" or "the Department") calculation of the adverse facts available rate in the final results of the second administrative review of the antidumping duty order on *Certain Lined Paper Products from India*, 75 Fed. Reg. 7563 (Dep't of Commerce Feb. 22, 2010) (final admin. review) ("*Final*

Court No. 10-00107                                                                                                    Page 2

*Results*").[1]  Plaintiff questions whether the Department supported with substantial evidence its calculation of the adverse facts available rate assigned to Blue Bird (India) Limited ("Blue Bird"), an Indian exporter from whom iScholar purchased the subject merchandise, contending that the agency irrationally relied on a single outlier transaction to determine the applicable duty rate.  Pl. Br. 1-2, 6-9.  The court denies Plaintiff's motion and affirms Commerce's computation of the adverse facts available rate for the reasons explained below.

### I. Subject Matter Jurisdiction & Standard of Review

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c).  The court will affirm an agency determination supported "by substantial evidence on the record."  19 U.S.C. § 1516a(b)(1)(B)(i).  An agency defends its findings with substantial evidence when the record exhibits "more than a mere scintilla" of relevant and reasonable evidence to buttress its conclusions.  *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  To provide the requisite support, the agency must offer more than mere conjecture.  *NMB Sing. Ltd. v. United States*, 557 F.3d 1316, 1319-20 (Fed. Cir. 2009) (citation omitted).  Though the court does not require perfect explanations from the agency, the path taken by the administrative body "must be reasonably discernible."  *Id.* at 1319 (citation omitted).  At a minimum, the agency must explain the standards that it applied and rationally connect them to the conclusions it made from the record.  *See Matsushita Elec. Indus. Co. v. United States*, 750 F.2d 927, 933 (Fed. Cir. 1984).

---

[1] The second administrative review covered the period of September 1, 2007 through August 31, 2008.  *Final Results*, 75 Fed. Reg. at 7564.

## II.  Discussion

### A.  Relevant Facts

During the second administrative review of the antidumping duty order on the subject merchandise, Commerce selected Blue Bird and Navneet Publications (India) Limited ("Navneet") as mandatory respondents.  *Certain Lined Paper Products From India*, 74 Fed. Reg. 51,558, 51,558-59 (Dep't of Commerce Oct. 7, 2009) (preliminary results).  Navneet cooperated in the agency's review, while Blue Bird never responded fully to the Department's questionnaire despite receiving three extensions of time totaling seven weeks.  *Id.* at 51,562.  Blue Bird also ceased to communicate with the agency after the third extension request.  *Id.*  As a result, Commerce assessed a final adverse facts available rate of 72.03 percent against Blue Bird imports, *Final Results*, 75 Fed. Reg. at 7565, basing that number on the highest transaction-specific margin calculated for Navneet during the period of review.  *Issues and Decisions for the Final Results of the Second Administrative Review of the Antidumping Duty Order on Certain Lined Paper Products from India (2007-2008)*, A-533-843, at 2 (Feb. 4, 2010) ("*Issues & Decisions Mem.*").

Responding to Blue Bird and iScholar's concerns about the margin and quantity of the selected transaction, the Department stated that "the highest margin did not deviate significantly from other transaction-specific margins" and that the rate represented "the end-point of relatively similar dumping margins whose pattern continues throughout the database." *Id.* at 9.  Commerce also reasoned that "the average of sales quantity is not a useful indicator in this case because the sales database at issue is characterized by a small number of sales with very large quantities, and

a large number of sales with medium to small quantities." *Id.* at 10.  In that vein, the Department commented on the presence of a "significant number of sales with similarly small quantities" and stated that those smaller quantity sales appear throughout the data set in transactions with the highest and lowest margins.  *Id.*  The agency also found "no clear correlation" in the data set between quantity and margin.  *Id.*

**B.  The Department Did Not Err in Its Calculation of the Adverse Facts Available Rate**

Commerce enjoys a "particularly great," though not unchecked, discretion in handling uncooperative respondents.  *Ta Chen Stainless Steel Pipe, Inc. v. United States*, 298 F.3d 1330, 1338-39 (Fed. Cir. 2002) (citing 19 U.S.C. § 1677e(b)); *accord Reiner Brach GmbH & Co. KG v. United States*, 26 CIT 549, 565, 206 F. Supp. 2d 1323, 1339 (2002).  When an interested party fails to provide timely information, the Department may apply adverse facts available to determine an appropriate antidumping duty for imports from that party.  § 1677e(a).  In so doing, the agency may rely on information from four particular sources, including data related to cooperative interested parties placed on the record.  § 1677e(b).  The Department must "balance the statutory objectives of finding an accurate dumping margin and inducing compliance" when selecting the appropriate adverse facts available rate.  *Timken Co. v. United States*, 354 F.3d 1334, 1345 (Fed. Cir. 2004) (citation omitted).  At a minimum, an adverse facts available rate must reasonably reflect an accurate estimate of the actual rate, "albeit with some built-in increase intended as a deterrent to non-compliance."  *F.lli de Cecco di Filippo Fara S. Martino S.p.A. v. United States*, 216 F.3d 1027, 1032 (Fed. Cir. 2000).

Court No. 10-00107                                                                                                    Page 5

      Plaintiff challenges two aspects of the Department's adverse facts available rate. First, iScholar alleges that Commerce erred in its calculation method because the sales volume in the selected transaction "is substantially below [Navneet's] average sales for the entire period of review" and that the Department should have used that average as a benchmark when determining the adverse facts available rate.[2] Pl. Br. 5; *see also* Pl. Br. 5, 7-8. Second, Plaintiff argues that the disparity between the rate and the duty applied to other entries of the subject merchandise renders the former "punitive" and that the Department should apply the adverse facts available rate calculated during the initial investigation. Pl. Br. 8-9. Commerce counters by explaining that small-quantity transactions appear throughout Navneet's sales data and that the selected transaction accurately represents Navneet's sales activity during the period of review. Def. Br. 8-10. The Department similarly reasons that it properly determined that the average sales quantity could not serve as a useful benchmark in light of the relatively small number of sales with large quantities in Navneet's data set. Def. Br. 11-12. Finally, the agency emphasizes

---

      [2] Plaintiff presents a host of figures to convince the court of the inaccuracy of the selected transaction. Plaintiff notes that the selected transaction had a quantity of less than 50 units, whereas the average quantity in Navneet's sales totaled approximately 3500 units. Pl. Br. 7. Plaintiff also highlights that "[t]he five sales with the highest calculated margins involved an average quantity of just under 70 units," while "the average quantity of the units in the five sales with the lowest margins involved more than 6500 units" and "quantities as high as 13,000 units." Pl. Br. 7. Finally, iScholar stresses that "the average quantity involved in a Navneet sale of over 3500 units exceeds the average quantity of even all five sales with the highest margin (under 70 units) by over a massive 5200 percent" and that "[t]he average quantity per transaction of the five sales with the lowest margins (approximately 6500 units) actually exceeds the average quantity per transaction of the five sales with the highest margins by an even more extreme 10,000 percent." Pl. Br. 7. Although these numbers seem to highlight extreme differences, they do not accurately reflect Navneet's usual transactions during the period of review and, thus, do not undercut the Department's rationale in the *Final Results*.

that it appropriately assigned an adverse facts available rate that would encourage future cooperation.  Def. Br. 12-16.

      The Department did not err in its calculation.  The Court has upheld an adverse facts available rate based upon a transaction-specific margin "within the mainstream" of the cooperating respondent's sales,[3] particularly when the agency has not previously reviewed the uncooperative party and could not rely on that party's own deficient data to determine a rate.[4] *Ass'n of Am. Sch. Paper Suppliers v. United States*, Slip Op. 08-122, 2008 WL 5102258, at *5-6 (CIT Nov. 17, 2008) (citing *Shanghai Taoen Int'l Trading Co. v. United States*, 29 CIT 189, 199, 360 F. Supp. 2d 1339, 1348 (2005)), *aff'd*, No. 2010-1219, slip op. at 2 (Fed. Cir. Dec. 13, 2010).  Commerce definitively found "no clear correlation" in the data set between quantity and margin, *Issues & Decisions Mem.* at 10, and iScholar's demand that the agency use a higher quantity sale does not undercut that finding nor guarantee that the company would secure a lower margin.  Moreover, the Department reasoned that reliance upon quantity averages would paint a distorted view of representative Navneet transactions and instead rationally relied upon a specific transaction whose quantity fell within the range of usual Navneet sales at that time.  Finally, that

---

[3] A respondent's "mainstream" sales constitute those "transactions that reflect sales of products that are representative of the broader range of models used to determine normal value." *Ass'n of Am. Sch. Paper Suppliers v. United States*, Slip Op. 08-122, 2008 WL 5102258, at *5 (CIT Nov. 17, 2008) (brackets, citation & quotation marks omitted).

[4] As stated earlier, Blue Bird did not cooperate in the subject proceeding.  Moreover, Commerce did not select Blue Bird as a mandatory respondent in the investigation or the first administrative review and, thus, did not previously review the company.  *See Certain Lined Paper Products from India*, 74 Fed. Reg. 17,149, 17,149 (Dep't of Commerce Apr. 14, 2009) (first admin. review final results); *Certain Lined Paper Products from India*, 71 Fed. Reg. 45,012, 45,012 (Dep't of Commerce Aug. 8, 2006) (final investigation).

the Department calculated a substantially lower duty for other companies in the same industry than the rate applied to the uncooperative respondent does not alone invalidate the agency's determination, irrespective of the disparity between the two amounts. *KYD, Inc. v. United States*, 607 F.3d 760, 764, 766 (Fed. Cir. 2010) (upholding adverse facts available rate of 122.88 percent in case that Commerce assigned antidumping duties ranging from 0.80 percent to 1.87 percent). Moreover, the relevant statute does not compel Commerce to use a previously determined adverse facts available rate in a later review, § 1677e(b), and the court will not disturb the agency's rational decision to calculate a more current rate to reflect the economic reality of the relevant time period.

### III.  Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's motion is **DENIED**; and it is further

**ORDERED** that the Department's adverse facts available rate is **AFFIRMED** as supported by substantial evidence.

Dated:  January 13, 2011                                                                /s/ Judith M. Barzilay
              New York, New York                                                         Judith M. Barzilay, Judge

Slip Op. 11-4

## UNITED STATES COURT OF INTERNATIONAL TRADE

```
-------------------------------------------------x
                                                 :
iSCHOLAR, Inc.,                                  :
                                                 :
        Plaintiff,                               :
                                                 :
        v.                                       :     Before:  Judith M. Barzilay, Judge
                                                 :     Court No. 10-00107
UNITED STATES,                                   :
                                                 :
        Defendant.                               :
                                                 :
-------------------------------------------------x
```

## JUDGMENT

Upon consideration of the U.S. Department of Commerce's ("the Department") final results of the second administrative review of the antidumping duty order on *Certain Lined Paper Products from India*, 75 Fed. Reg. 7563 (Dep't of Commerce Feb. 22, 2010) (final admin. review), the briefs filed by the parties, the record evidence, the court's opinion in this case on January 13, 2011, and all other papers filed in this matter, it is hereby

**ORDERED** that the Department's administrative findings in the second administrative review are **AFFIRMED**; and it is further

**ORDERED** that this case is **DISMISSED**.

Dated:  January 13, 2011                                           /s/ Judith M. Barzilay
        New York, New York                                         Judith M. Barzilay, Judge